

FILED

3:05 pm, 1/22/21

Tim J. Ellis
Clerk of Court

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br>SHANE THOMAS AYLESWORTH and<br>ANDREA ANN AYLESWORTH<br><br>Debtors;<br><br>HAGER INDUSTRIES, INC.,<br><br>Plaintiff,<br>v.<br>SHANE THOMAS AYLESWORTH<br><br>Defendant. | Case No. 19-20729<br>Chapter 7<br><br>Adversary No. 20-02005 |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff, Hagar Industries, Inc.'s, Complaint asserting Shane Aylesworth, Debtor, knowingly and fraudulently made several false oaths on his schedules and during his 341 meeting testimony with the chapter 7 trustee, when he failed to disclose several thousand dollars' worth of automotive repair equipment owned by BA's Performance and Repair, LLC. Plaintiff brings its complaint under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A).[1] At the time Debtor filed his bankruptcy, the Wyoming Secretary of State had administratively dissolved BA's Performance. This adversary requests the court decide whether a debtor must disclose assets a wholly-owned LLC holds, particularly when it has been administratively dissolved, and if a debtor fails to do so, should the court deny an individual debtor a discharge.

## JURISDICTION

This court has jurisdiction of the matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J). Venue is proper subject to 28 U.S.C. §§ 1408 and 1409.

## FACTS

Plaintiff's principal and owner, Nathan Hager, and Debtor had a personal friendship and business relationship. Plaintiff purchased multiple pieces of equipment and made cash advances to

---

[1] All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated. All future references to "Bankruptcy Rule" or "Rule" are to the Federal Rules of Bankruptcy Procedure.

help Debtor start and operate an auto repair and performance service located in Rock Springs, Wyoming—BA's Performance and Repair. Plaintiff advanced BA's Performance over $34,000 in cash and equipment. The parties memorialized the transactions in a Loan Agreement and BA's Performance agreed to the loan terms including interest and default provisions. Debtor signed as owner of BA's Performance and individually as guarantor. Nathan Hagar signed as Plaintiff's CEO.

BA's Performance was not successful and stopped operating on December 9, 2018.[2] The Wyoming Secretary of State administratively dissolved BA's Performance for failure to pay annual fees. When Debtor filed for chapter 7 relief on November 14, 2019, BA's Performance was still administratively dissolved. Debtor paid the fees to reinstate BA's Performance on December 8, 2020, one day before the two-year deadline for reinstating LLCs.[3]

The Plaintiff identified the following equipment at issue:

| Date Purchased | Description | Purchase Price |
|---|---|---|
| 1/2/2018 | Computer | $ 817.79 |
| 1/5/2018 | Shop Tools (Compressor) | $1,271.99 |
| 12/18/2017 | Millermatic Mig. Cart | $1,348.00 |
| 12/28/2017 | 10k lb. 2 post lift | $4,019.98 |
| 12/18/2017 | 13-Ton Cap, Puller Set | $1,162.46 |

The total purchase price of the equipment was $8,620.22. Neither party testified about the current value of the equipment. Plaintiff's exhibit and Mr. Hager's testimony admitted the lift was sold to Mr. Hager's father and Mr. Hager applied these proceeds to the outstanding loan. Debtor admitted the business was still in possession of the computer and the puller set. Debtor did not identify the computer or puller set in his Petition or Schedules. Instead, he listed BA's Performance, declaring the value of his interest at zero ($0).

Plaintiff seeks to deny Debtor's discharge pursuant to Section 727(a)(4)(A).[4] Under this section, Debtor is granted a discharge unless he knowingly and fraudulently, in or in connection with the case, made a false oath or account.

**DISCUSSION**

Denial of discharge is a harsh remedy to be reserved for a truly ill-behaved debtor. Provisions denying the discharge are construed liberally in favor of a debtor and strictly against

---

[2] Debtor's Statement of Financial Affairs, ECF No. 1, p. 49, No. 27.
[3] Wyo. Stat. Ann. § 17-29-705(b).
[4] Plaintiff's complaint also alleged Debtor concealed assets under Section 727 (a)(2)(A). The parties' final pretrial statement no longer references this issue nor did Plaintiff present evidence.

the creditor.[5] "As such, 'the reason for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural.' "[6] Completely denying a debtor a discharge is a harsh remedy and should not be taken lightly.[7] However, the Bankruptcy Code's "fresh start" policy is limited to the "honest but unfortunate debtor."[8]

To deny a debtor's discharge pursuant to the false oath provision, a creditor must demonstrate by a preponderance of the evidence the debtor knowingly and fraudulently made an oath and the oath relates to a material fact.[9] On the other hand, "[a] debtor will not be denied discharge if a false statement is due to mere mistake or inadvertence. Moreover, an honest error or mere inaccuracy is not a proper basis for denial of discharge."[10] A "false oath" may be either: "(1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at an examination during the course of the proceedings."[11]

A fact for purposes of a false oath claim is material, "if it bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property."[12] Materiality is not defeated by undisclosed property interests determined to be without value because a debtor who chooses to avail himself of Chapter 7 benefits assumes certain responsibilities, "the foremost being to fully disclose assets and to cooperate fully with the trustee."[13] Debtors have an "uncompromising duty to disclose whatever ownership interest [they hold] in property…."[14]

The parties do not dispute BA's Performance was the original owner of the equipment. Regardless, Plaintiff argues Debtor should have identified the equipment in his Petition. Plaintiff also indicates Debtor owned the assets once the Secretary of State administratively dissolved BA's Performance. Finally, Plaintiff argues to the extent the equipment did belong to the LLC, Debtor listing the value at $0 was a false statement.

---

[5] *In re Peeples*, 779 F. App'x 561, 567 (10th Cir. 2019).
[6] *Id.*
[7] *In re Lamey*, 574 B.R. 240, 247 (Bankr. D.N.M. 2017).
[8] *Id.* (citing *Grogan v. Garner,* 498 U.S. 279, 286–87 (1991)).
[9] *In re Garland*, 417 B.R. 805, 814 (B.A.P. 10th Cir. 2009).
[10] *Gullickson v. Brown* (*In re Brown*), 108 F.3d 1290, 1294–95 (10th Cir. 1997).
[11] *In re Garland*, 417 B.R. at 814.
[12] *Id. at* 815 (quoting *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 618 (11th Cir.1984)).
[13] *Garland.* at 814-15 (quoting *Morrel, West & Saffa, Inc. v. Riley* (*In re Riley*)*,* 128 B.R. 567, 570 (Bankr. N.D. Okla. 1991).
[14] *Id.*

I. **LLC ownership of assets**

In Wyoming, LLCs are distinct legal entities from its members.[15] For creditors of an LLC to reach member individual assets, the creditor must bring a "piercing" claim.[16] Contrasting this, for creditors to reach LLC assets for a debtor's debt, it must bring a "reverse piercing" cause of action."[17]

Bankruptcy courts recognize separate treatment of LLC assets and debtor assets.[18] This court previously discussed this in *In re Jorgensen*.[19] In *Joregenson*, a creditor filed suit against the debtor's wholly owned LLC for default under the promissory note.[20] The debtor accused the creditor of violating the automatic stay.[21] The court found the assets belonged to the LLC and not the debtor, so the assets were not estate property protected by the automatic stay.[22] Herein, Debtor's membership interest in BA's Performance was an estate asset, not BA's Performance's automotive equipment.

II. **Effect of dissolution**

As stated above, the Secretary of State administratively dissolve BA's Performance leaving LLC without authority to act. Wyoming statutes do not require an LLC to wind up upon administrative dissolution.[23] In fact, an LLC may be reinstated within two years.[24] This is what Debtor did on behalf of BA's Performance, by paying the filing fees, prior to the deadline.

The Wyoming statutes do not address the ownership of assets after administrative dissolution. However, this court has. Again, in *Jorgenson*, this court addressed an automatic stay violation claim for a wholly owned LLC the Secretary of State administratively dissolved prior to the

---

[15] *GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 2014 WY 144, ¶ 12, 337 P.3d 454, 459 (Wyo. 2014).
[16] *Mantle v. N. Star Energy & Constr. LLC*, 2019 WY 29, ¶ 126, 437 P.3d 758, 799 (Wyo. 2019).
[17] *See In re Schaefers*, No. 9:19-BK-11163-MB, 2020 WL 7687871 (B.A.P. 9th Cir. Dec. 1, 2020).
[18] *In re Jorgensen*, No. 11-20046, 2011 WL 6000871 (Bankr. D. Wyo. Nov. 30, 2011). *See also In re Glick*, 568 B.R. 634, 668 (Bankr. N.D. Ill. 2017) ("LLC's assets do not become property of his bankruptcy estate."); *Matter of Knight*, 574 B.R. 800, 814 (Bankr. N.D. Ga. 2017) ("Even if a debtor has a "*derivative interest*" in the business's property, that is not sufficient to make the property "property of the debtor"—the debtor must have a "*direct* proprietary interest."); *In re Stillwater Asset Backed Offshore Fund Ltd.*, 559 B.R. 563, 593 (Bankr. S.D.N.Y. 2016) ("A membership interest in a limited liability company is property (just as a share of stock is property), but the owner of the membership interest has no ownership right in the property that is owned by the limited liability company."); *In re Packer*, 520 B.R. 520, 528 (Bankr. E.D. Tex. 2014), *subsequently aff'd,* 816 F.3d 87 (5th Cir. 2016) ("no legal basis upon which the Defendant was required to list the bank accounts, existing contracts, or to account for other assets of those corporate organizational entities in his personal bankruptcy schedules."); *In re Coenen,* 487 B.R. 539, 540 (Bankr. W.D. Wis. 2012); *In re Campbell*, 475 B.R. 622, 635 (Bankr. N.D. Ill. 2012) ("Funds in any bank accounts held by the Debtors' LLCs were not property of the Debtors.").
[19] *In re Jorgensen*, No. 11-20046, 2011 WL 6000871 (Bankr. D. Wyo. Nov. 30, 2011).
[20] *Id.* at *1.
[21] *Id.* at *2.
[22] *Id.* at *5.
[23] Wyo. Stat. Ann. § 17-19-1421.
[24] Wyo. Stat. Ann. § 17-29-705.

100 percent-owner filing bankruptcy. The court found, "Under the Wyoming Statues, the limited liability company ("LLC") does not cease to exist upon dissolution."[25] The court further ruled, "their [debtors] possession of the assets does not equate to ownership…. The members of the dissolved LLC, Grand Interiors, did not automatically retain its assets as their own."[26] Plaintiff did not present evidence Debtor continued to operate the business after being administratively dissolved nor that he used or treated the repair equipment as his own. Debtor consistently testified he understood BA's Performance owned the assets even when administratively dissolved.

Debtor's membership interest in the LLC is personal property and an estate asset. Debtor listed the LLC Membership interest on his Petition. Plaintiff provides no authority a debtor is obligated to list an LLC's assets separately within a petition. By listing his membership interest on the petition, Debtor put creditors on notice of his interest in the LLC. Listing LLC assets as personal assets is misleading because the LLC assets are only available to the LLC's creditors, such as Plaintiff herein, and not the individual member's creditors, unless a proper action is brought to disregard the entity. By listing the membership interest, Debtor accurately recorded his assets and did not commit a false oath by not listing the LLC's assets on his Petition.[27]

### III. Value

In the alternative, Plaintiff argues Debtor committed a false oath when he valued his LLC membership interest at zero. Plaintiff alleges the existence of assets in the dissolved LLC and Debtor's willingness to pay to reinstate the LLC means the interest has value. Plaintiff did not assert a specific value—only that it was more than zero.

Debtor testified since the LLC's liabilities exceeded the LLC's assets there was no value. This is consistent with valuing a membership interest. "[T]he unit value of an LLC would, as a matter of definition, takes into account the value of the assets in the LLC less any liabilities, including any encumbrances on the LLC's assets."[28] Debtor owes approximately $34,000 to Plaintiff. He did not identify any other LLC specific debt. When this debt is compared to the original purchase price of the remaining assets--$2,000, the $0 value is reasonable. The LLC has no income stream or intangible assets to generate value to a buyer.

---

[25] *In re Jorgensen*, 2011 WL 6000871, at *4.
[26] *Id.* at *5.
[27] *See In re Reilly*, 417 B.R. 107, 115 (Bankr. E.D. Wis. 2009) (finding full and complete disclosure in the bankruptcy schedules of all assets required to be disclosed when the debtors listed their membership interests in LLC but not assets the LLC owned).
[28] *Scottsdale Ins. Co. v. Tolliver*, No. 04-CV-0227-CVE-FHM, 2012 WL 1581605, at *3 (N.D. Okla. Mar. 4, 2012), *report and recommendation adopted,* No. 04-CV-0227-CVE-FHM, 2012 WL 1581109 (N.D. Okla. May 4, 2012).

Debtor also testified he reinstated the LLC for the purpose of keeping his personal assets protected from the business liabilities. The fact the LLC has intrinsic value to Debtor does not create a value the Trustee could have marketed and sold.[29] Plaintiff did not provide evidence Debtor's opinion of the LLC's value was incorrect.

**CONCLUSION**

Plaintiff, as creditor, had the burden to prove by a preponderance of the evidence, Debtor knowingly and fraudulently made an oath, related to a material fact. The court's analysis finds Plaintiff failed. Therefore, the court finds in favor of Debtor Shane Thomas Aylesworth and against Plaintiff Hagar Industries, Inc.

The court expressly determines this decision memorandum is the findings and conclusions, pursuant to Fed. R. Bankr. P. 7052, and Fed. R. Civ. P. 52.  A judgment based on this ruling will be entered by separate document as required by Fed. R. Bankr. P. 7058 and Fed. R. Civ. P. 58(a).

BY THE COURT

*[signature: Cathleen D Parker]* 1/22/2021

Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

---

[29] *In re Ashley River Consulting, LLC*, No. 14-13406 (MG), 2015 WL 1540941, at *2 (Bankr. S.D.N.Y. Mar. 31, 2015) ("purchase price of the membership interest upon dissociation would be determined by the 'Appraised Value' of the membership interest, which requires the calculation of the 'Fair Market Value' ").